BABAD v. COLTON DENTAL ASS'N et al.

(Supreme Court, Appellate Division, First Department.  May 17, 1912.)

1. NEW TRIAL (§ 168*)—MOTION—HEARING BY APPELLATE DIVISION.

A motion for new trial cannot be heard by the Appellate Division in the first instance after a motion for new trial on the minutes on all the grounds specified in Code Civ. Proc. § 999, has been entertained and denied by the trial court.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 7, 232, 245, 252, 253, 266, 280, 284, 286, 291, 292, 294, 296, 303, 305, 318;  Dec. Dig. § 168.*]

2. NEW TRIAL (§ 168*)—DETERMINATION—REMEDY OF DEFEATED PARTY.

The remedy of the defeated party on the hearing of a motion for a new trial is to appeal from the order and the judgment if one is entered.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 7, 245, 252, 253, 266, 280, 284, 286, 291, 292, 294, 296, 303, 305, 318;  Dec. Dig. § 168.*]

3. NEW TRIAL (§ 168*)—HEARING AT APPELLATE DIVISION—SUSPENSION OF JUDGMENT.

Code Civ. Proc. § 1000, provides that, on the application of a party who has taken one or more exceptions, the trial judge may during the same term order that the exceptions so taken be heard in the first instance by the Appellate Division and the judgment be suspended in the meantime. Held, that the provision for suspension implies that the entry of the judgment is to be suspended pending determination of the motion on the exceptions to be heard in the first instance by the Appellate Division.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 7, 245, 252, 253, 266, 280, 284, 286, 291, 292, 294, 296, 303, 305, 318;  Dec. Dig. § 168.*]

4. APPEAL AND ERROR (§ 9*)—MOTION FOR NEW TRIAL—EXCEPTIONS—ORDER FOR HEARING AT APPELLATE DIVISION.

Code Civ. Proc. § 1000, authorizes the court to order the hearing of exceptions by the Appellate Division in the first instance, and provides that at any time before the hearing of the exceptions the order may be revoked or modified on notice in court or out of court by the judge who made it, or it may be set aside for irregularity by the court at any term thereof. Held that, where an application for the hearing of exceptions in the first instance by the Appellate Division was made on notice, the adverse party was not required to move to have the order set aside, but was entitled to appeal therefrom.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 25–33; Dec. Dig. § 9.*]

Appeal from Special Term, New York County.

Action by Sadie Babad against the Colton Dental Association and another. From an order directing exceptions to be heard in the first instance at the Appellate Division, plaintiff appeals. Reversed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and MILLER, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Abraham Benedict, of New York City, for appellant.

George W. Phillips, Jr., of New York City, for respondents.

MILLER, J. The plaintiff had a verdict in this case for $15,000. The defendant made a motion for a new trial upon the minutes on all the grounds specified in section 999 of the Code of Civil Procedure, which was entertained and denied by the court, and thereafter a formal order denying the same and a judgment upon the verdict were entered. Thereafter the defendant moved on notice for the order appealed from.

[1] It is manifest that a motion for a new trial cannot be heard by the Appellate Division in the first instance after such a motion has been entertained and denied by the trial court.

[2] The remedy of the defeated party on such a motion is to appeal from the order and the judgment if one is entered.

[3] The affidavit used in support of the motion shows that the purpose of the motion was to procure a stay without giving an undertaking on appeal, but the provision of section 1000, "and that judgment be suspended in the meantime," obviously means that the entry of the judgment is to be suspended pending the determination of the motion on the exceptions to be heard in the first instance by the Appellate Division.

[4] It is urged that the order is not appealable. Section 1000 provides:

"At any time before the hearing of the exceptions the order may be revoked or modified, upon notice, in court or out of court, by the judge who made it; or it may be set aside for irregularity by the court, at any term thereof."

Had the application for the order been ex parte, the plaintiff's remedy would doubtless have been a motion to set it aside. But the order was made on notice and was opposed by the plaintiff, and it would be imposing a useless formality to require a motion to be made to set it aside.

The order should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.